**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4202**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN E. DALES, a/k/a Ryan Dales,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:23-cr-00026-GLR-1)

Argued:  May 7, 2026                                 Decided:  June 23, 2026

Before NIEMEYER, HARRIS, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Steven M. Klepper, KRAMON & GRAHAM, PA, Baltimore, Maryland, for Appellant. David Christian Bornstein, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Kelly O. Hayes, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal concerns the validity of a warrant to search Ryan Dales's Baltimore apartment. Federal agents suspected Dales had committed wire fraud and an agent sought a warrant to search Dales's residence. The agent supplied an affidavit detailing Dales's suspected criminal activities to a magistrate judge who issued the requested warrant. Pursuant to that warrant, investigators searched Dales's apartment where they discovered evidence of other crimes.

Following the search, Dales was indicted on several federal crimes. He filed a motion to suppress the evidence discovered during the search of his apartment, arguing that the agent's affidavit failed to establish probable cause that evidence of wire fraud would be discovered in his residence. The district court denied Dales's motion, ruling that the affidavit established probable cause. The district court also ruled, in the alternative, that the evidence collected during the search need not be suppressed under the good-faith exception, which applies when law enforcement relies in an objectively reasonable manner on a warrant that is subsequently deemed deficient. Dales appeals the district court's denial of his motion to suppress.

We review "the legal conclusions underlying the denial of a motion to suppress" *de novo*, and any factual findings "relating thereto" for clear error. *United States v. Sanders*, 107 F.4th 234, 250 (4th Cir. 2024). In doing so, we view the evidence in the light most favorable to the Government. *Id.* Whether the good faith exception applies is a legal conclusion that we review *de novo*. *United States v. Stephens*, 764 F.3d 327, 334–35 (4th Cir. 2014).

2

"[T]he good-faith exception precludes the suppression of seized evidence where law enforcement has relied on a search warrant in an 'objectively reasonable' manner, even if the warrant is later found to be deficient." *United States v. Ordonez-Zometa*, 141 F.4th 531, 556 (4th Cir. 2025). This exception does not apply if "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Henderson*, 136 F.4th 527, 531 (4th Cir. 2025) (quoting *United States v. Bynum*, 293 F.3d 192, 195 (4th Cir. 2002)). This occurs when the warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *United States v. Leon*, 468 U.S. 897, 923 (1984).

Having carefully reviewed the record before us on appeal and the submissions of the parties, we hold that the district court's application of the good-faith exception was proper. The federal agents executing the search warrant could have reasonably presumed the warrant was valid. Accordingly, we affirm the district court's denial of the motion to suppress.

*AFFIRMED*